FRANCIS LEONARD *vs.* NEW BEDFORD FIVE CENTS SAVINGS BANK.

Bristol.    October 28. — 30, 1874.    COLT & AMES, JJ., absent.

In an action against the New Bedford Five Cents Savings Bank to recover back money deposited by the plaintiff, the case was submitted on an agreed statement of facts, from which it appeared that the defendant had been summoned as the trustee of the plaintiff and had paid the money in controversy on an execution which recited a judgment against the defendant, (the present plaintiff,) and that " execution was likewise awarded against the goods, effects and credits of the said defendant in the hands and possession of the Five Cents Savings Bank, trustee of the said defendant." The agreed statement of facts contained the following : " It did not appear by the record, nor by the docket of the court, that said savings bank was ever adjudged trustee." *Held,* that, notwithstanding the last recited statement, and the misnomer of the trustee, the defendant was entitled to judgment.

CONTRACT for money had and received. The case was submitted to the Superior Court, and to this court on appeal, on an agreed statement of facts, in substance as follows :

Elijah G. Hammond brought an action in the Police Court of New Bedford, May 5, 1873, against Leonard, the present plaintiff, in which suit the present defendant was duly summoned as trustee, under the name of the " Five Cents Savings Bank."

On May 12, 1873, Hammond recovered judgment against Leonard, for $13.20 damage, and $9.22 costs, and execution was issued in favor of Hammond against Leonard for said sum, and

against his goods, effects and credits, in the hands of the " Five Cents Savings Bank," said debt and costs amounting in all to the sum of $22.19. It did not appear by the record, nor by the docket of the said Police Court, that said savings bank was ever adjudged trustee. The execution was placed in the hands of an officer competent to serve the same, and upon demand being made upon the savings bank under the execution it paid the officer the sum of $23.19.

No question is made as to the identity of the bank, and it is agreed that the original writ in the Police Court, the execution issuing therefrom, and the writ in this case were all served upon the same officer and at the same place.

This suit is brought by the plaintiff to recover said sum, and it is agreed that he had deposited said sum of money in said bank before the commencement of the suit in which it was summoned as trustee, and that it is liable in this action, unless it is protected by the fact that it paid over said sum upon said execution; the defendant contending that said execution is conclusive evidence that judgment was rendered against the trustee.

The writ and execution were made part of the agreed facts. So far as they are material, they are stated in the opinion.

Judgment was ordered for the defendant, and the plaintiff appealed.

*H. M. Knowlton,* for the plaintiff. 1. The defendant is liable unless it brings itself within the Gen. Sts. *c.* 142, § 37. " The judgment against a trustee shall acquit and discharge him from all demands by the defendant, or his executors or administrators, for all goods, effects and credits, paid, delivered or accounted for, by the trustee, by force of such judgment." The only defence, therefore, is the judgment. The execution is neither admissible or conclusive evidence that judgment was rendered against the defendant as trustee.

2. The execution contains no recitals of any such judgment. It says, " The Five Cents Savings Bank . . . . trustee of the said defendant, as to us appears of record;" and for the purposes of this case it may as well have said " John Smith" as " The Five Cents Savings Bank. ' If the execution is conclusive evidence of the judgment it recites, the defence is still incomplete, for the execution does not recite a judgment against the defendant. It

must go further, and show that judgment was properly rendered against it under the name mentioned in the execution. To do this, it must go back of the execution to the proceedings in court. But the record shows no judgment at all ; a necessary link in the evidence is wanting, and the defence fails.

*L. T. Willcox*, for the defendant.

WELLS, J.   The defendant having been summoned as trustee of Leonard in an action against him, and the whole amount due to him having been paid over upon the execution issued upon the judgment in that suit, which ran against his goods, effects and credits in the hands of this defendant as trustee therein, is exonerated from further liability, if those proceedings were regular and valid.   These facts are agreed, and shown also by the copies of the writ and execution, with the return upon each, annexed to the agreed statement.   The execution recites the judgment against Leonard, and that " execution was likewise awarded for the same sums against the goods, effects and credits of the said defendant, in the hands and possession of the Five Cents Savings Bank, a corporation duly established, trustee of the said defendant, as to us appears of record."   The regularity and validity of the proceedings, thus shown, is not impeached by the statement of the agreed facts that " it did not appear by the record, nor by the docket of the said Police Court, that said savings bank was ever adjudged trustee."

It is not to be inferred from this statement that the savings bank was discharged as trustee.   The record is not produced. Whether it was imperfect, or merely incomplete, we have no means of knowing.   It may have existed only in memoranda of the magistrate or clerk upon the writ or other papers on file.   It would have been well for the parties to have caused the record to be made up if incomplete, or amended if imperfect, before engaging in extended litigation upon its effect.   In the absence of the record, the next best evidence of what the judgment was in fact, is the recital in the execution.   The case having been submitted upon an agreed statement, it is too late to object to the competency of that evidence on the ground that the record should have been produced.

We do not intend to decide that the execution itself would not be a sufficient justification to the defendant in paying over, in

good faith, to the officer making demand upon it, what was due to the judgment debtor, even if the record should show that the proceedings were irregular in omitting the formal adjudication charging the trustee.

The misnomer of the trustee can be taken advantage of only by the trustee.         *Judgment for the defendant affirmed.*